IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

IN RE: WBS, LC,             Case No. 10-31789-DOT
    Debtor,               Chapter 7

**MEMORANDUM OPINION AND ORDER**
**ON MOTION FOR INJUNCTION**

On January 17, 2013, the court held a hearing on the motion for injunction and request for contempt sanctions filed by movants Finley White and White Family LLC. The motion also purports to be filed by other related persons and entities included in a footnote to the motion; however, the prayer for relief requests relief only as to Finley White and White Family LLC. In the motion, movants request that the court 1) enjoin Whitney National Bank from continuing certain litigation pending against them in the Circuit Court for Mobile County, Alabama, and 2) hold Whitney National Bank in contempt. The crux of the argument made by movants is that the prior settlement of an adversary proceeding brought by the chapter 7 trustee against movants bars further recovery against them by Whitney National Bank.

At the conclusion of the hearing, the court requested the parties to submit proposed findings of fact and conclusions of law. As all such documents have now been submitted, the issue is ripe for decision. After considering the facts and law presented, the court will dismiss the motion.

## Findings of fact

An abbreviated version of the undisputed facts follows.

On August 25, 2008, prior to the date that debtor filed the petition initiating this bankruptcy case, Whitney National Bank obtained judgment in the Circuit Court for Mobile County, Alabama, in the amount of $1,264,241.94 against 1) Lakewood Investors, LLC, pursuant to a commercial note, and 2) Southeast Real Estate Investment Corp. ("SERIC"), Southeast Properties, LLC, and Christopher B. White as guarantors of that note.

On or about June 10, 2009, Whitney caused processes of garnishment to be issued out of the Alabama Circuit Court on debtor WBS, LC, as garnishee, in which SERIC and Christopher White were named as judgment defendants. The basis for the processes of garnishment was Whitney National Bank's allegation that SERIC and Mr. White had improperly caused the assets of SERIC to be transferred to WBS. On January 25, 2010, Whitney filed a motion for summary judgment against WBS in the garnishment proceeding.

On January 26, 2010, the day after it filed the motion for summary judgment in the garnishment proceeding, Whitney also filed a supplemental complaint in the original Alabama Circuit Court case against WBS, White Family, LLC and Finley White, asserting claims of alleged improper transfers to WBS that had in turn been transferred to White Family and Finley White.

On March 16, 2010, WBS commenced this bankruptcy case under Chapter 11 of the Bankruptcy Code, and on April 16, 2010, Whitney moved for entry of an order granting relief from the automatic stay to pursue the garnishment proceeding against WBS, including Whitney's motion for summary judgment. On June 23, 2010, this court entered an Order granting Whitney's motion to allow Whitney to argue and obtain a ruling on its motion for summary judgment in the garnishment proceeding.

On October 29, 2010, the bankruptcy case of WBS case was converted to chapter 7, and Lynn L. Tavenner was appointed as the Chapter 7 trustee. On March 30, 2011, the trustee filed an adversary proceeding against White Family, LLC and Finley White, seeking to avoid and recover transfers purportedly made by WBS to White Family and Finley White.[1] Following mediation, the trustee and the White Entities entered into a written settlement agreement dated December 19, 2011, that purported to resolve:

> "the Claims related to or asserted in the Adversary Proceeding, the Additional Claims[2] related to or asserted in the Additional Claims Statement, and any and all other claims including, but not limited, to those that could be raised by the Trustee on behalf or for the benefit of herself, the Debtor, and/or the Estate, whether or not all such claims

---

[1] Adv. Pro. No. 11-03110-DOT. The trustee based that adversary proceeding upon 11 U.S.C. §§ 544, 547, 548, 549 and 550 as well as Section 55-80 of the Code of Virginia.

[2] On October 7, 2011, the trustee had submitted to the White Entities a statement setting forth additional claims she was considering making against White family members and entities.

3

are known or unknown to the Parties, and whether or not such claims have been asserted by the Parties."

(Agreement p. 3, ¶ 1) (footnote added). Whitney was not a signatory to the settlement agreement. After notice to creditors, by order entered January 30, 2012, this Court approved the settlement agreement.

On October 28, 2011, before the trustee's settlement agreement was completed or approved, Whitney filed a motion for summary judgment in the Alabama Circuit Court case against White Family, LLC and Finley White. White Family and Finley White filed their responses to the motion for summary judgment after they had entered into the trustee's settlement agreement. In their response, they argued that any claims against White Family, LLC or Finley White belonged to the bankruptcy estate, could be brought only by the Chapter 7 trustee, and were to be resolved through the trustee's settlement agreement. Despite those arguments, on September 14, 2012, the Alabama Circuit Court entered an order granting Whitney's motion for summary judgment and granting judgment against White Family, LLC and Finley White.

Movants filed their motion for injunction and for a finding of contempt on November 30, 2012.

### Conclusions of law

As set forth below, the motion is procedurally insufficient and fails to state a claim upon which relief can be granted. Movants have not alleged

4

facts or made arguments that would entitle them to injunctive relief or provide cause for the entry of a contempt order. Further, movants have not proven that Whitney's claims against movants in the Alabama Circuit Court litigation are property of the bankruptcy estate or that the settlement agreement resolved Whitney's claims. In addition, the motion is deficient to the extent it seeks to extend the automatic stay under 11 U.S.C. § 362 to cover the non-bankrupt third party movants.

      The court notes at the outset that the motion for injunction is suspiciously timed, at best, as it was filed soon after Whitney prevailed in its motion for summary judgment against movants in the Alabama Circuit Court litigation. Although the motion for summary judgment was filed in October 2011, the trustee's settlement agreement was finalized in December 2011 and approved by this court in January 2012, and the Alabama Circuit Court motion for summary judgment was granted in August 2012, movants made no attempt to enjoin prosecution of the Alabama Circuit Court based upon the settlement agreement until November 30, 2012, ten months after this court approved that settlement agreement. Only when they lost in the Alabama Circuit Court litigation did movants file their request for injunction in this court. As such, the motion for injunction appears to be a request for a second bite of the judicial apple. As the motion may be resolved on other grounds, the court will not enter into a discussion of that issue but merely notes its concern.

The court finds that the motion is procedurally defective. Rule 7001(7) of the Federal Rules of Bankruptcy Procedure, Fed. R. Bankr. P. 7001(7), identifies "a proceeding to obtain an injunction or other equitable relief" as an adversary proceeding governed by Rules 7001 through 7087 of the Federal Rules of Bankruptcy Procedure. Thus, the motion must be dismissed, since the injunctive relief requested in the motion may only be obtained through an adversary proceeding.

Even if the Court were to deem the motion to be a complaint sufficient under Rule 7001(7) of the Federal Rules of Bankruptcy Procedure, the motion must be dismissed nonetheless pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 12(b)(6), made applicable here by Rule 7012(b) Federal Rules of Bankruptcy Procedure. Under Rule 12(b)(6), the court may dismiss a claim for relief if the pleading does not state a claim upon which relief can be granted.

The United States Supreme Court has established the standard required in order for a claim for relief to survive a motion to dismiss under Rule 12(b)(6). In *Bell Atlantic Corp. v.Twombly*, 550 U.S. 544 (2007), the Supreme Court held that in order to survive a motion to dismiss, the "[f]actual allegations [of a pleading] must be enough to raise a right to relief above the speculative level." *Id.* at 555. The Supreme Court explained that this heightened pleading standard "requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action's elements will not do." *Id.* at 545 (citation omitted).

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court reaffirmed its decision in *Twombly*, specifying that the more rigorous pleading standard required that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 663 (quoting *Twombly*, 550 U.S. at 570). Under the *Twombly/Iqbal* standard, a court is now required to divide the factual allegations in a complaint from the mere recitations of statutory language and legal conclusions.

In order to be granted a permanent injunction, a plaintiff must demonstrate the following four elements: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Ebay Inc. v. Mercexchange, L.L.C.*, 547 U.S. 388, 391 (2006).

In the present case, the factual allegations in the motion fail to meet the plausibility standard necessary to survive a motion to dismiss. Movants do not allege that debtor will suffer any injury if Whitney is able to proceed with the Alabama Circuit Court litigation. Instead, movants only state that

allowing Whitney to proceed with the Alabama Circuit Court Litigation may result in double recovery against movants. Movants do not allege that any such injury cannot be remedied by monetary damages, that there will be more of a hardship on movants than on Whitney, or that the public interest would be disserved. Because movants have failed to satisfy all of the elements for granting an injunction, the motion, even if it had been procedurally proper, must be dismissed pursuant to Rule 12(b)(6) and Bankruptcy Rule 7012(b).

Further, continuation of the Alabama Circuit Court litigation will not harm debtor WBS, and any allegation that there is a possibility of double recovery from movants must continue to be dealt with by the Alabama courts. The rights of movants relative to Whitney are properly before the Alabama courts, and this court has every confidence in the ability of those courts to administer the law.

Even if movants were to repair both the fatal procedural and substantive pleading defects in the motion, it is unlikely in the extreme that they could establish a claim to the relief sought. Whitney's fraudulent transfer claims in the Alabama Circuit Court litigation against the non-debtor movants are not property of the WBS estate and do not belong to the trustee. Movants have not shown that Whitney's judgment implicates any assets of WBS or property potentially recoverable by the chapter 7 trustee. In fact, the trustee has not objected to any of the actions taken by Whitney in its

attempts to recover funds from movants and has pled that she has no opposition to the continuation of the Alabama Circuit Court litigation. The court concurs with the argument made by the trustee that the settlement agreement on its face does not cover Whitney and that there is no reason to extend the automatic stay to the Alabama Circuit Court litigation.

Movants cite several cases to support their argument that only a bankruptcy trustee can assert claims to recover property fraudulently transferred by the bankrupt debtor. However, these cases are inapposite because they address situations in which the property transferred was clearly the property of the debtor. Here, the property transferred was not property of the estate and is not claimed as such by the trustee or any creditor.

The court also finds that the doctrine of *res judicata* is inapplicable to prevent Whitney's pursuit of collection under the Alabama Circuit Court litigation against movants since 1) Whitney was not a party to the settlement agreement and 2) the claims of Whitney are separate and distinct from the claims of the trustee. Res judicata prohibits the re-litigation of the same causes of action involving the same parties. *Federal Ins. Co. v. Gilson (In re Gilson)*, 250 B.R. 226, 236 (Bankr. E.D. Va. 2000). Movants have failed to prove the elements of *res judicata*, namely, that the Alabama Circuit Court litigation involves the same parties as the settlement agreement or that the Alabama Circuit Court Litigation will have any detrimental effect on WBS, the trustee or the administration of the WBS bankruptcy estate.

Finally, movants are not entitled to any protections under 11 U.S.C. § 362. The automatic stay under 11 U.S.C. § 362 stays proceedings only against debtors or property of the estate and does not extend to non-debtor parties. *See Credit Alliance Corp. v. Williams*, 851 F.2d 119, 121 (4th Cir. 1988). Allowing the non-debtor movants to use the automatic stay to avoid the judgments of the Alabama Circuit Court litigation would frustrate the purposes of Alabama state law. *Credit Alliance, Id.* at 122. Courts have been "loath to enjoin proceedings against nondebtor parties, and have done so only in limited circumstances when the movant proved such an injunction necessary to protect the estate of and prevent interference with a reorganizing debtor." *Rountree v. Nunnery (In re Rountree)*, 448 B.R. 389, 414 (Bankr. E.D. Va. 2011). Such is not the case in this chapter 7 liquidation proceeding, especially in light of the trustee's disclaimer of any interest on behalf of the estate.

Based on the foregoing findings of fact and conclusions of law, IT IS ORDERED that the motion is DISMISSED.

Signed: April 3, 2013

                                                           /s/ Douglas O. Tice Jr.
                                            United States Bankruptcy Judge

Copies to:

WBS, LC
P. O. Box 2169
Ponte Vedra Beach, FL 32004

Finley B. White
P.O. Box 2169
Ponte Vedra Beach, FL 32004

Augustus C. Epps, Jr.
Christian & Barton, L.L.P.
909 E. Main St., Suite 1200
Richmond, VA 23219-3095

Lynn L. Tavenner
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, VA 23219

Scott Gregory Crowley
Crowley & Crowley
4870 Sadler Road, Suite 300
Glen Allen, VA 23060

Peter J. Barrett (VSB No. 46179)
Ellen L. Valentine (VSB No. 81038)
1111 East Main Street, Suite 800
Richmond, VA 23219-3500

ARMBRECT JACKSON
Benjamin Y. Ford, Esquire
63 S. Royal Street, Suite 1300
Mobile, AL 36601